---

### In re RUDD.

(District Court, E. D. New York. July 6, 1910.)

1. PAWNBROKERS (§ 7*)—REDEMPTION OF PLEDGE—PAWNBROKERS' LIENS.

A pledge, redeemed from a pawnbroker by a third person, is no longer subject to the pawnbroker's lien; the redemptioner not being qualified to act as a pawnbroker.

[Ed. Note.—For other cases, see Pawnbrokers, Cent. Dig. § 6; Dec. Dig. § 7.*]

2. LIENS (§ 8*)—STATUTORY LIENS.

The laws of New York do not give a statutory lien to a person who pays something for the account of another, though personal property may pass as security for the account.

[Ed. Note.—For other cases, see Liens, Cent. Dig. § 2; Dec. Dig. § 8.*]

3. SUBROGATION (§ 23*)—PAYMENTS FOR BENEFIT OF ANOTHER—DISCHARGE OF INCUMBRANCE.

Where a third person pays a debt, and takes into his possession personal property of the debtor held by the creditor as security, the payor thereby obtains a counterclaim, which he may use as a set-off in any proceeding or action brought by the debtor to recover the property held as security.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 62; Dec. Dig. § 23.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. BANKRUPTCY (§ 308\*)—PLEDGES—REDEMPTION—CLAIMS.**

Where a bankrupt's assignee for the benefit of creditors with his own funds redeemed a diamond, which the bankrupt had pawned, and thereafter surrendered the diamond to the bankrupt's trustee, such assignee thereby acquired a claim against the bankrupt's estate for the amount so advanced.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 308.\*]

**5. BANKRUPTCY (§ 323\*)—SECURED CLAIMS.**

Where a bankrupt had pledged a diamond belonging to his estate, a creditor was authorized by Bankr. Act, July 1, 1898, c. 541, § 57, subds. "a," "h," 30 Stat. 560 (U. S. Comp. St. 1901, p. 3443), to present a claim against the bankrupt's estate for the balance of his debt, if it exceeded the amount applicable to its payment received from a sale of the diamond, or, in case the amount realized exceeded the debt, he was authorized by section 68 to deduct the amount of the debt therefrom and account to the bankrupt's trustee for the balance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 505; Dec. Dig. § 323.\*]

**6. BANKRUPTCY (§ 323\*)—CLAIMS—REDEMPTION OF PROPERTY.**

Where a bankrupt's assignee for the benefit of creditors redeemed a pawned diamond with his own funds, and later under compulsion delivered the diamond to the bankrupt's trustee, who sold the same as a part of the bankrupt's estate for more than the amount advanced to redeem it, the assignee was entitled to receive the amount so advanced from the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 323.\*]

In the matter of William W. Rudd, bankrupt. Application by the bankrupt's assignee for the benefit of creditors as an individual for payment of the amount advanced by him to redeem a pledged diamond, which belonged to the bankrupt and was surrendered by petitioner to the bankrupt's trustee. Granted.

Benjamin F. Norris, for petitioner.
Mitchell May, for trustee.

CHATFIELD, District Judge. According to the facts shown by the record, the bankrupt was the owner of a large diamond, which some time previous to the bankruptcy proceedings had been pawned for a considerable amount. Just prior to the filing of the petition in bankruptcy an assignment for the benefit of creditors, under the state statutes, was made by the bankrupt, and during the time between that assignment and the filing of the petition the assignee redeemed the diamond in question from the pawnbroker, but used his own funds therefor, instead of the moneys of the insolvent estate. The trustee in bankruptcy applied to this court and obtained the diamond in question from the assignee, who still had it in his possession. After appraisal, the diamond was duly sold as a part of the assets of the bankrupt estate, and the trustee has the proceeds. The assignee now comes forward as an individual and asks that the amount advanced by him to redeem the diamond from the pawnbroker be repaid, inasmuch as whatever rights he had were preserved at the time the diamond was taken from him by the order of this court. The trustee in bankruptcy opposes, on the ground that no statutory lien and no pawnbroker's lien could be claimed by the assignee, who merely is

alleged to have made a loan to the bankrupt for the purpose of redeeming the diamond.

It would seem that on this point the trustee is correct. A pledge redeemed from a pawnbroker by a third party is no longer the subject of the pawnbroker's lien, as the person redeeming is not qualified to act as pawnbroker. Nor do the state laws give a statutory lien to any person who may pay something for the account of another, even if personal property may pass as security for the account. But the doctrine of subrogation is well established, and a court of equity, or even a court of law, would accept the proposition that if a third party pays a debt, and takes into his own possession personal property which has been held as security, he has a counterclaim which can be used as a set-off, and which is perfectly good in any proceeding or action brought by the debtor to recover the property held as security. That is the exact situation in the present case. The bankrupt estate is entitled to the personal property involved, namely, the diamond, which was originally held as security for the debt. The individual who redeemed it has a claim against the bankrupt estate for the amount advanced by him, and under section 57, subds. "a" and "h," of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]), the creditor may present a claim for the balance of his debt, if it exceed the amount applicable to its payment; or, if the matter be considered solely from the standpoint of set-off, under section 68, the creditor would have been entitled to deduct the amount of his debt from the fund in his hands (which in this instance is the sum realized from the sale of the diamond) accounting for the balance to the estate.

Under such circumstances, it must be held that, the property having been sold by direction of the court, for the purpose of creating a fund as to which the rights of the parties might be determined, and this fund exceeding the sum advanced to redeem the diamond, the assignee is entitled to be paid by the trustee in bankruptcy the amount advanced by him, namely, $260.